Opinion of the Court, by
Ch. J. Boyle.
Pollock, as the payee of a bill of exchange, brought this action against Blair, as the accepter. Blair pleaded the general issue, and on the trial Pollock produced the bill of exchange, at the foot of which there was an acceptance by Blair, and on the back an endorsement by Pollock to a third person. Pollock, by his counsel, objected to the endorsement being read in evidence; but the court overruled his objection, and it was read. This being all the evidence, Blair, by his counsel, moved the court to instruct the jury that the evidence was insufficient in law to authorise a verdict for Pollock; but the court refused to give the instruction, and Blair’s counsel excepted.
The question is, whether the court erred in refusing to instruct the jury as required.
If the endorsement were genuine, according to its legal operation, the property of the bill, and with it the right of action, were thereby transferred from Pollock to the endorsee; and the court, no doubt, were not only competent to decide upon the legal effect of the endorsement, but it was their duty to do so, when called upon for that purpose. It results, therefore, as a necessary consequence, if the endorsement be assumed to be genuine, that the court erred in not instructing the jury that the evidence did not authorise a verdict for Pollock. But was it competent for the court to assume the fact that the endorsement was genuine, and predicate their instruction to the jury upon that assumption? As against Pollock, the endorsement being upon the back of the bill under which he claims, was, no doubt, prima facie evidence of its being genuine, & proof aliunde was not necessary to entitle Blair to read it in evidence. But we apprehend this circumstance is but matter of presumption, and that Pollock could not be concluded thereby from showing, nor the jury be estopped to find that the endorsement was not genuine. It has often happened in practice, that the possession of bills of exchange has been wrongfully obtained, and endorsements made upon them by the wrongdoer. In such a case, if the proprietor should regain the possession, it would be the extreme of injustice, not to permit him to *209 show that the endorsement was not made by him, nor by his consent; and it is believed, the propriety of his doing so has never been questioned in practice. If, then, the circumstance of the endorsement being upon the bill was only presumptive evidence of its being genuine, the weight of the presumption belonged to the jury, and not to the court, to decide. The court, therefore, could not assume the fact to be true, and instruct the jury upon that assumption, and they were, consequently, right in refusing the instruction required.
Judgment affirmed with damages and costs.